**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: September 21 2011**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 07-33707 |
| | ) | |
| Matthew J. Menden and | ) | Chapter 13 |
| Lai P. Menden, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

## MEMORANDUM OF DECISION
## REGARDING OBJECTION TO CLAIM

This matter is before the court on Debtors' Objection to Claim No. 1-2 filed by National Auto Finance Company ("Objection") [Doc. # 59], and National Auto Finance Company's response [Doc. # 62]. Debtors object to the amended claim filed by National Auto Finance ("National Auto") and seek repayment of all monies received by National Auto from the Chapter 13 Trustee.

The court held a hearing that Debtors' counsel, counsel for National Auto, and the Chapter 13 Trustee attended in person. Having considered the briefs and arguments of counsel, for the reasons that follow, the court will sustain Debtors' Objection but will deny their request for an order requiring National Auto to refund all monies received by it from the Trustee.

### BACKGROUND

Debtors filed their Chapter 13 bankruptcy petition on August 25, 2007. Notices of their bankruptcy case [Doc. # 8] and their Chapter 13 plan filed with their petition [Doc. # 9] were mailed to National Auto

at both the address of its payment processing center in Memphis, Tennessee ("Tennessee address") and the address of its account servicing center in Little Rock, Arkansas ("Arkansas address"). The notice of Debtors' bankruptcy petition also included notice that a hearing on confirmation of their Chapter 13 plan would be held on November 20, 2007. [Doc. # 8]. Debtors' original Chapter 13 plan provides that general unsecured debts be paid ratably by the Trustee 100 cents on the dollar and further provides that Debtors would make regular monthly payments outside the plan to National Auto. [Doc. # 4].

On August 28, 2007, National Auto filed a proof of claim, asserting a claim in the amount of $24,863.07, secured by a 2006 Dodge Stratus owned by Debtor Matthew Menden. [Claim No. 1-1]. The proof of claim states that notices should be sent to the Arkansas address. [*See id.*].

On October 5, 2007, an attorney representing National Auto filed a general Entry of Appearance, which he docketed as "Notice of Appearance and Request for Notice." [Doc. # 14]. Also on that date, National Auto's attorney filed a motion for relief from stay and abandonment regarding the 2006 Dodge Stratus. [Doc. #15]. Debtors did not oppose the motion. They instead filed a proposed Amended Chapter 13 Plan on October 25, 2007. [Doc. # 24]. Debtors' proposed amended plan changed only the treatment of National Auto's secured claim. [*Id*., p. 3/5, ¶ 9]. The proposed Amended Plan provides that the Dodge Stratus will be surrendered in full satisfaction of the obligation owing to National Auto. [*Id.*]. Debtors served the Amended Plan on National Auto at its Tennessee address but not its Arkansas address. In addition, National Auto's attorney received electronic notice of the Amended Plan. [Doc. #24, Electronic Receipt]. National Auto did not file an objection to or otherwise contest the Amended Plan. The court granted National Auto's motion for relief from the automatic stay on November 5, 2007. [Doc. # 30]. And after the confirmation hearing was held as noticed on November 20, 2007, [see Doc. ## 7,8], Debtors' proposed Amended Plan was confirmed by order of the court entered on December 12, 2007. [Doc. # 36].

On February 2, 2008, National Auto electronically filed an amended proof of claim, asserting an unsecured claim in the amount of $16,920.57, which amount represents the deficiency balance remaining after the Dodge Stratus was surrendered and sold. [Claim No. 1-2]. The amended proof of claim also specified a new address in Minnesota where notices should be sent.

In the meantime, the Trustee has paid $9,278.34 to National Auto on its unsecured claim. Before making any payments to unsecured creditors, the Trustee filed a Notice of Claims Filed and Intent to Pay Claims on March 14, 2008. [Doc. # 40]. The notice reported that National Auto Fiance [sic] Company would be paid as an unsecured creditor in the amount of $16,920.57 "[u]nless a party in interest files an

objection and request for hearing within 30 days of the date of the service of this Notice. . . ." [*Id.*]. The Chapter 13 Trustee's Notice of Claims Filed and Intent to Pay Claims was served by regular U.S. Mail postage prepaid on Debtors and by both regular U.S. mail and electronically on Debtors' attorney on March 14, 2008. [*Id.*]. No objection to the National Auto amended proof of claim was filed until Debtors filed the instant Objection through substitute counsel on February 16, 2011. According to the Chapter 13 Trustee, since he began making payments to unsecured creditors, including National Auto, he has sent notices every six months to Debtors and their attorney informing them of the payments he has made.

## LAW AND ANALYSIS

Debtors object to National Auto's amended proof of claim in that it asserts a deficiency balance owed on the Dodge Stratus and also request an order requiring it to refund all monies that it has received from the Chapter 13 Trustee. In support of their Objection, Debtors rely on the provision in their Amended Plan that the Dodge Stratus would be surrendered in full satisfaction of National Auto's claim. In response, National Auto raises due process issues, arguing that it was not properly served with Debtors' Amended Plan and that Debtors' change in treatment of its claim affected the validity and priority of its lien such that Debtors were required to commence an adversary proceeding. National Auto further argues that even if it had received proper notice of the Amended Plan, Debtors' lack of diligence in objecting to National Auto's amended proof of claim, which it contends should have been filed several years ago, precludes recovery of any funds already disbursed to it by the Trustee.

The issues raised by the parties' arguments to be decided by the court are (1) whether National Auto received constitutionally sufficient notice of Debtors' Amended Plan and, (2) if adequate notice was provided, whether Debtors are entitled to retrospective relief on their Objection filed three years after National Auto filed its amended proof of claim. For the reasons that follow, the court concludes that National Auto did receive constitutionally sufficient notice of the Amended Plan and the treatment of its claim but that Debtors' relief is limited to prospective relief.

## I. National Auto Was Not Denied Due Process

The Bankruptcy Code provides that "[t]he provisions of a confirmed plan bind the debtor and each creditor whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted or has rejected the plan." 11 U.S.C. § 1327(a). Thus, absent a timely appeal, a confirmation order is *res judicata* of all issues that could or should have been litigated at the confirmation hearing. *United Student Aid Funds, Inc. v. Espinosa*, – U.S. –,130 S.Ct. 1367, 1376 (2010)

(stating confirmation of proposed Chapter 13 plan was a final judgment); *Ruskin v. DaimlerChrysler Servs. N. Am., L.L.C. (In re Adkins)*, 425 F.3d 296, 302 (6th Cir. 2005); *Storey v. Pees (In re Storey),* 392 B.R. 266, 270 (B.A.P. 6th Cir. 2008). "Underlying this principle is the need for finality that parties have after confirmation of a plan so that they may rely upon the terms of the plan and confirmation order 'without concern that actions which they may thereafter take could be upset because of a later change or revocation of that order.'" *In re McLemore*, 426 B.R. 728, 734 (Bankr. S.D. Ohio 2010) (quoting 8 Collier on Bankruptcy, 1327.02 (16th ed. 2009)).

An exception to the *res judicata* effect of a confirmed Chapter 13 plan exists where there is a lack of due process caused by failure to provide notice of the proposed plan to creditors. *Id.* ("the need for finality does not trump a creditor's due process rights"); *Piedmont Trust Bank v. Linkous (In re Linkous)*, 990 F.2d 160, 162 (4th Cir. 1993); *In re Harris*, 293 B.R. 438, 441 (Bankr. N.D. Ohio 2003). Thus, for a plan to be binding on a creditor, due process requires that notice be given to the creditor that is reasonably calculated, under all of the circumstances, to apprise the creditor that its rights may be altered and affords it the opportunity to present any objection.[1] *In re McLemore,* 426 B.R. at 735 (citing *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306, 314 (1950)); *In re Thaxton*, 335 B.R. 372, 374 (Bankr. N.D. Ohio 2005).

In 2007, Federal Rule of Bankruptcy Procedure 2002(b) required that creditors be given not less than twenty-five days notice by mail of the time fixed for filing objections to, and the hearing to consider, confirmation of a Chapter 13 plan.[2] Rule 2002(g)(1) provides that notices required to be mailed under Rule 2002 to a creditor "shall be addressed as such entity or an authorized agent has directed in its last request filed in the particular case." "[A] proof of claim filed by a creditor . . . that designates a mailing address constitutes a filed request to mail notices to that address. . . ." Fed. R. Bankr. P. 2002(g)(1)(A). The Bankruptcy Rules further provide that "[t]he plan or a summary of the plan shall be included with each notice of the hearing on confirmation mailed pursuant to Rule 2002." Fed. R. Bankr. P. 3015(d).

There is no dispute that National Auto was properly served with notice of the confirmation hearing

---

[1] This exception to finality is provided under Federal Rule of Civil Procedure 60(b), which, "on motion and just terms," permits the court to relieve a party from a final judgment, and, more specifically, Rule 60(b)(4), which authorizes the court to relieve a party from a final judgment if "the judgment is void." *See Espinosa*, 130 S.Ct. at 1376. National Auto has not sought relief from the court's plan confirmation order under Rule 60(b), which applies in this case under Rule 9024 of the Federal Rules of Bankruptcy Procedure. Notwithstanding National Auto's failure to present its argument in a procedurally proper manner, the court nevertheless addresses its due process arguments.

[2] Rule 2002 has since been amended to require that creditors be given not less than twenty-eight days notice by mail.

4

date and Debtors' originally filed Chapter 13 plan. Both notices were sent by the court on September 2, 2007, by first class mail to National Auto's Tennessee and Arkansas addresses and were not returned to the clerk's office. Rather National Auto contends that Debtors' failure to serve the proposed Amended Plan at the Arkansas address that is provided in its original proof of claim deprived it of due process.

It is clear that Debtors were required to provide National Auto adequate notice of their proposed Amended Plan in order to apprise it that its rights may be altered and to afford it the opportunity to present any objection to the treatment of its claim in the Amended Plan. Although Debtors mailed the Amended Plan to National Auto at its Tennessee address rather than its Arkansas address, National Auto's attorney also received electronic service of the Amended Plan on October 25, 2007, twenty-five days before the confirmation hearing. The entry of appearance docketed as "Notice of Appearance and Request for Notice" filed by National Auto's attorney and served on Debtors and their attorney was the "last request filed" for notices in this case. Counsel did not limit his entry of appearance on behalf of National Auto to any specific matter. An attorney representing a creditor in a bankruptcy case is the creditor's agent. *See Ford Motor Credit Co. v. Weaver,* 680 F.2d 451, 457 (6th Cir. 1982) ("The general rule for imputing an agent's notice or knowledge is applicable in bankruptcy cases. In most of the cases where an agent's knowledge of bankruptcy proceedings is imputed to a creditor, the agent is an attorney who has been authorized either to collect the balance due on a defaulted debt or represent the creditor in bankruptcy proceedings."). As an Electronic Case Filing system registered user, National Auto's attorney consented to receiving electronic service of papers in lieu of mail service. *See* United States Bankruptcy Court for the Northern District of Ohio Electronic Case Filing Administrative Procedures Manual, Part II, ¶ D(1); Fed. R. Bankr. P. 9036. Thus, under Rule 2002(g)(1), notice of the proposed Amended Plan was properly sent as directed by an authorized agent of National Auto.

In any event, the failure to serve the proposed Amended Plan in accordance with a procedural rule such as Rule 2002(g) does not necessarily amount to a violation of the creditor's constitutional right to due process. *See Espinosa*, 130 S.Ct. at 1378. Here, National Auto's attorney was provided notice of the filing of the Amended Plan during his representation of it in this bankruptcy case. This constitutes notice reasonably calculated, under all the circumstances, to apprise National Auto that its rights may be altered and afford it the opportunity to present any objection. *See Standard Indus., Inc. v. Aquila, Inc. (In re C.W. Mining Co.)*, 625 F.3d 1240, 1245 (10th Cir. 2010) (finding that creditors held in civil contempt were not denied due process as their attorney was served with the contempt motion and notice of hearing); *Curtis v.*

5

*LasSalle Nat'l Bank (In re Curtis)*, 322 B.R. 470, 483 (Bankr. D. Mass. 2005) (finding "[a]ll of the Defendants' due process rights to service and notice were fully satisfied by service upon [their attorney]"); *Linder v. Trump's Castle Assoc.*, 155 B.R. 102, 104 (D.N.J. 1993) (agreeing that notice served on an attorney already representing the claimant in the bankruptcy case satisfies any requirement to notice to the claimant); *In re Glow*, 111 B.R. 209, 219 (Bankr. N.D. Ind. 1990) (finding creditor was given reasonable actual notice of bankruptcy case when creditor's attorney was notified of the debtor's bankruptcy).

Nor were Debtors required to commence an adversary proceeding to afford National Auto due process. National Auto incorrectly argues that Debtors' proposed Amended Plan effected a change in the priority and validity of its lien on the Dodge Stratus. *Cf.* Fed. R. Bankr P. 7001(2). To the contrary, the plan provision that Debtors would surrender the vehicle in full satisfaction of the debt owed to National Auto did not effect any change in the status of its lien. National Auto received the full proceeds of the sale of its collateral after it was surrendered by Debtors. Its lien on the Dodge Stratus entitled it to nothing more than that.

For all of the foregoing reasons, the court concludes that National Auto received constitutionally sufficient notice of Debtors' Amended Plan and of the treatment of its claim in that plan. The Amended Plan is *res judicata* with respect to National Auto's entitlement to an unsecured deficiency claim upon disposition of its collateral and Debtors' objection to National Auto's amended claim is therefore well-taken.

## II. Debtors Are Only Entitled to Prospective Relief On Their Objection

Debtors request an order disallowing National Auto's claim in its entirety and requiring National Auto to repay all monies that it has received from the Chapter 13 Trustee before they filed their Objection to its proof of claim.[3] National Auto, for its part, argues that Debtors' lack of diligence in objecting to its claim precludes the relief requested.

None of the Bankruptcy Code, the Bankruptcy Rules or the Local Bankruptcy Rules specify a limitation period for objecting to the allowance of proofs of claim and for seeking the relief requested by Debtors. *See* 11 U.S.C. § 502; Fed. R. Bankr. P. 3007; *cf. In re Euliano*, 442 B.R. 177, 180 n.5 (Bankr. D.

---

[3] Under Rule 7001 of the Federal Rules of Bankruptcy Procedure, "a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002" requires the commencement of an adversary proceeding. Fed. Rule Bankr. P. 7001(1). Debtors' request for an order requiring National Auto to repay monies received by it from the Chapter 13 Trustee falls under none of the exceptions to this requirement. Under Rule 3007(b), a party may not include a demand for relief of a kind specified in Rule 7001 in an objection to a proof of claim. However, because National Auto has not raised this procedural issue, the court addresses only the arguments presented by the parties.

6

Mass. 2010)(by local rule, the deadline for objecting to claims is 30 days after the claims bar date). However, the equitable defense of laches may limit the time within which a party must file any objection to proofs of claim.

"Laches is the 'negligent and unintentional failure to protect one's rights.'" *Nartron Corp. v. STMicroelectronics, Inc.*, 305 F.3d 397, 408 (6th Cir. 2002). It is an equitable doctrine used to determine the timeliness of claims when there is no specific statute of limitations that is applicable. *Int'l Tel. & Tel. Corp. v. Gen. Tel. & Elec. Corp.*, 518 F.2d 913, 926 (9th Cir. 1975). In such cases, "[e]quity . . . fashions its own time limitations through laches, the doctrine embodying the principle that equity will not aid a party whose unexcused delay would, if his suit were allowed, prejudice his adversary." *Id.* "A party asserting laches must show: (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting it." *Nartron Corp.*, 305 F.3d at 408.

In applying this doctrine to the circumstances in this case, the court finds instructive the Sixth Circuit's approach in *Nartron Corporation*. In that case, the plaintiff brought a trademark infringement action against a competitor. There being no specific limitation period for such actions, the court applied an analogous state statute of limitation. *Nartron Corp.*, 305 F.3d at 408; *see Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985) ("When Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so."). The court explained that in evaluating whether a party has been diligent in protecting its trademark, a delay beyond the analogous limitation period is presumptively prejudicial and unreasonable. *Id.*; *see PBM Prod., LLC v. Mead Johnson & Co.*, 639 F.3d 111, 121 (4th Cir. 2011); *Wanlass v. Fedders Corp.*, 145 F.3d 1461, 1464 (Fed. Cir. 1998). The party against whom laches is asserted may overcome the presumption by "(1) rebut[ting] the presumption of prejudice; (2) establish[ing] that there was a good excuse for its delay; or (3) show[ing] that the defendant engaged in 'particularly egregious conduct which would change the equities significantly in plaintiff's favor.'" *Nartron Corp*, 305 F.3d at 409 (citation omitted).

In determining an appropriate limitation period in this case, the court considers the progression of a Chapter 13 case, the tension that exists between two processes during the case – the confirmation process and the claims allowance process, *see In re Euliano*, 442 B.R. at 184 n. 15 (Citing large sample of cases, court notes that "variations on these themes are rampant...producing a mixed bag of jurisprudence on the *res judicata* effect of confirmed Chapter 13 plans, deemed allowance of proofs of claim, conflicts between

7

plans and proofs of claim, and parties' failure to timely raise pertinent issues and protect their rights."), and the necessity to resolve this tension in a timely manner for purposes of determining distribution under a Chapter 13 plan, which determination impacts all creditors entitled to payment. On one hand, the confirmation process in this case resulted in a confirmed Chapter 13 plan that unambiguously provided that Debtors' Dodge Stratus would be surrendered in full satisfaction of the debt owed to National Auto and for payment in full of Debtors' unsecured debt. On the other hand, under the claims allowance process, a claim properly filed in accordance with § 501 is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). To the extent that these processes conflict, it was incumbent upon Debtors under the circumstances of this case to resolve it.

To that end, and because there is no specific time within which an amended claim must be filed, the procedure employed by the Chapter 13 Trustee in this court is to file a Notice of Claims Filed and Intent to Pay Claims before payments to creditors are made. This procedure comports with the fact that debtors generally have superior knowledge of facts relating to claims filed in their cases. It is the thus a debtor's burden to file an objection to an unsecured claim that is otherwise deemed allowed by the statute and that is, therefore, noticed to be paid in accordance with the Chapter 13 plan's treatment of unsecured debt where there is a basis for such an objection.

In this case, such notice was served by regular mail on Debtors and both electronically and by regular mail on Debtors' attorney on March 14, 2008. The notice reported that National Auto would be paid as an unsecured creditor with a claim in the amount of $16,920.57 "[u]nless a party in interest files an objection and request for hearing within 30 days of the date of the service of this Notice." [Doc. # 40]. The court finds this time period – thirty days from the date of service of the Chapter 13 Trustee's Notice of Claims Filed and Intent to Pay Claims – is the appropriate limitation period for filing objections to proofs of claim in this court. *See In re Windom*, 284 B.R. 644, 648-49 (Bankr. E.D. Tenn. 2002) (refusing to direct creditor to disgorge dividends it received from the Chapter 13 trustee where the trustee had served a notice of intent to pay the creditor, requesting objections to claims be filed within thirty days, and no objection was filed by the debtors for over three years); *Shook v. CBIC (In re Shook)*, 278 B.R. 815, 830-31 (B.A.P. 9th Cir. 2002) (same where debtors delayed filing an objection for four years and noting that "the integrity of the chapter 13 process itself was brought into issue").

Debtors did not object to National Auto's amended proof of claim asserting the unsecured deficiency until February 16, 2011, nearly three years after being served with the Trustee's notice. Applying the

8

principles of *Nartron Corporation,* Debtors' delay is presumptively unreasonable and prejudicial. The unreasonableness of the delay is underscored by the fact that, according to the Trustee, similar notices regarding payment of National Auto's amended claim were sent to Debtors and their attorney every six months during that three year period. Debtors produced no evidence to rebut the presumption of prejudice.

A successful laches defense, however, only bars damages that occurred before the filing date of a lawsuit or, in this case, of the Objection. *Nartron Corp.*, 305 F.3d at 412. Thus, Debtors are not entitled to an order requiring National Auto to refund monies it received from the Chapter 13 Trustee before February 15, 2011. However, Debtors having now raised their Objection, albeit three years after National Auto's amended proof of claim was filed, the court agrees that the Amended Plan provides a valid basis for disallowing National Auto's unsecured deficiency claim going forward from that date.

In summary, the Amended Plan is *res judicata* as to all issues that were or could have been raised during the confirmation process. National Auto could have, but did not, object to the Amended Plan provision that Debtors would surrender the vehicle securing the debt owed to it in full satisfaction of the debt. National Auto, having received adequate notice of the Amended Plan, the proposed treatment of its claim and the confirmation hearing, cannot now collaterally attack the confirmation order. Thus, National Auto's amended claim for an unsecured deficiency after disposition of the collateral will be disallowed, but only in the amount of the balance of the claim that remained unpaid as of February 15, 2011.

The court will enter a separate order in accordance with this Memorandum of Decision.